UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
DELTA DIVISION

RECO D. MANNING                                                                                          PLAINTIFF

V.                              No. 2:20-CV-168-LPR-JTR

UNITED STATES OF AMERICA, *et al.*                                                     DEFENDANTS

## RECOMMENDED DISPOSITION

This Recommended Disposition has been sent to United States District Judge Lee P. Rudofsky. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and legal basis for your objection; and (2) be received by the Clerk of this Court within fourteen (14) days of the date of this Recommendation. By not objecting, you may waive the right to appeal questions of fact.

### I. Introduction

On August 17, 2020, Plaintiff Reco D. Manning ("Manning"), a prisoner incarcerated in the "Medium Institution" of the Federal Correctional Institution in Forrest City, Arkansas ("FCI-FC"), filed a *pro se* Complaint alleging inadequate medical care claims against Nurse Patricia Morehart ("Morehart"), Dr. Sheila Stinson-Woodard ("Dr. Stinson-Woodard"), Nurse Sandra Futrell ("Futrell"), and Ms. Jumper, under *Bivens v. Six Unknown Fed. Narcotics Agents*, 403 U.S. 388 (1971). *Doc. 1*. He also alleged a negligent medical care claim against the United

States of America, under the Federal Tort Claims Act. *Id.* After screening his Complaint, the Court allowed Manning to proceed with those claims.[1] *Doc. 10*; *Doc. 13*. In an earlier Order (*Doc. 43*), the Court granted the United States of America's Motions to Dismiss and Morehart and Futrell's Motions to Dismiss or, in the alternative, Motions for Summary Judgment and dismissed all of Manning's claims against all Defendants except for the inadequate medical care claims against Dr. Stinson-Woodard.[2]

On July 22, 2022, Dr. Stinson-Woodard filed a Motion for Summary Judgment (*Doc. 56*), Brief in Support (*Doc. 57*), and Statement of Undisputed Facts (*Doc. 58*). Dr. Stinson-Woodard argues that Manning's claims against her must be dismissed because he failed to exhaust his administrative remedies, as required by the Prison Litigation Reform Act ("PLRA").

On July 26, 2022, I entered an Order informing Manning that he had a right to file a Response and that, in doing so, he "must separately file a 'short and concise

---

[1] On November 11, 2020, Manning filed an Amended Complaint. *Doc. 9*.

[2] The claims against Morehart and Futrell, in their personal-capacities, and the United States were dismissed based on Manning's failure to exhaust his administrative remedies. The claims against Morehart and Futrell, in their official-capacities, were dismissed under the doctrine of sovereign immunity. The claims against Jumper were dismissed based on Manning's failure to timely perfect service against her.
  Due to a service error, Dr. Stinson-Woodard did not make an appearance in this matter until after all other Defendants had been dismissed. *See Doc. 40; Doc. 49*.

2

statement of material facts as to which he contends a genuine dispute exists to be tried,'" as required by Local Rule 56.1. *Doc. 59*.

Manning has filed a Response but has not attempted to controvert any of the facts set forth in Dr. Stinson-Woodard's Statement of Undisputed Facts. *Doc. 65*. Accordingly, all facts alleged in Dr. Stinson-Woodard's Statement of Undisputed Facts should now be deemed undisputed pursuant to Rule 56(e)(2) of the Federal Rules of Civil Procedure.

## II. Discussion

### A. The PLRA Requires a Federal Prisoner to Exhaust Administrative Remedies

The PLRA provides that: "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a) (emphasis added). The purposes of the PLRA's exhaustion requirement include "allowing a prison to address complaints about the program it administers before being subjected to suit, reducing litigation to the extent complaints are satisfactorily resolved, and improving litigation that does occur by leading to the preparation of a useful record." *Jones v. Bock*, 549 U.S. 199, 219 (2007). It is now well settled law that the PLRA's exhaustion requirement is *mandatory*. *Woodford v. Ngo*, 548 U.S. 81, 85 (2006); *Muhammad v. Mayfield*, 933 F.3d 993, 1000 (8th Cir. 2019).

In *Porter v. Nussle*, 534 U.S. 516, 524 (2002), the Court held that the PLRA's exhaustion requirement also applies to *Bivens* actions in which federal prisoners allege their constitutional rights were violated: "Federal prisoners suing under *Bivens v. Six Unknown Fed. Narcotics Agents*, 403 U.S. 388 (1971), must first exhaust inmate grievance procedures just as state prisoners must exhaust administrative processes prior to instituting a § 1983 suit."

Finally, "it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion." *Jones*, 549 U.S. at 218; *see also Woodford*, 548 U.S. at 90 (explaining that administrative exhaustion "means using all steps that the agency holds out, and doing so properly so that the agency addresses the issues on the merits.") Thus, Manning was required to satisfy the BOP's exhaustion process on each of his claims against Dr. Stinson-Woodard *before* he initiated this *Bivens* action. *See* BOP's Administrative Remedy Program, 28 C.F.R. §§ 542.10 to 542.19

### B. Dr. Stinson-Woodard's Motion for Summary Judgment[3]

To establish Manning's failure to exhaust, Dr. Stinson-Woodard relies on: (1) the Declarations of Aleshia Morris ("Morris"), the Associate Warden's Secretary at

---

[3] Summary judgment is proper if "the movant shows that there is no genuine dispute as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Celotex v. Catrett*, 477 U.S. 317, 321 (1986). An assertion that a fact cannot be disputed, or is genuinely disputed, must be supported by materials in the record such as "depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials." Fed. R. Civ. P. 56(c)(1)(A).

FCI/FC and (2) a copy of Manning's Administrative Remedy filing history. *Doc. 58* (citing *Doc. 28-1 & Doc. 36-1*).[4]

According to Morris and Manning's Administrative Remedy filing history, he submitted only four complaints regarding inadequate medical care during his incarceration in the BOP. *Doc. 28-1 at 12*. Three of those complaints, 1037713-F1, 1037715-F1, and 1037716-F1, were lodged against medical personnel other than Dr. Stinson-Woodard. *Id.*

The substance of the remaining complaint, 1008404, is not discernable from the record.[5] However, in dismissing Manning's claims against the other medical defendants, the Court determined that Manning had failed to fully exhaust 1008404 in accordance with the BOP's Administrative Remedy Program. *Doc. 38 at 9–11* (Partial Recommended Disposition); *Doc. 43* (Order adopting and approving Partial Recommended Disposition). Specifically, the Court found:

> On February 27, 2020, Manning submitted Administrative Remedy Request 1008404-F1 which complained of improper or inadequate medical care. *Doc. 28-1 at 12*. This BP-9 was rejected on March 4, 2020 and Manning appealed. *Id.*
>
> Manning's BP-10 appeal (1008404-R1) was denied by the Regional Director's office on March 23, 2020. *Id.* Manning proceeded to the final

---

[4] These documents were originally submitted in support of Defendants Morehart and Futrell's Motions for Summary Judgment based on Manning's failure to exhaust his claims against them. *Doc. 28; Doc. 36*.

[5] Manning appealed Administrative Remedy Request 1008404 through three levels of the BOP's Administrative Remedy Program, so it appears in Manning's filing history three times as 1008404-F1, 1008404-R1, and 1008404-A1.

> level of administrative review by filing a BP-11 (1008404-A1) with the Office of the General Counsel on June 16, 2020. *Doc. 28-1 at 14*. However, the BP-11 was rejected on July 15, 2020 because Manning failed to include a copy of his BP-9 and BP-10, and "did not include[] the proper number of continuation pages." *Doc. 28-1 at 4, 14*. Despite being given the opportunity to resubmit his BP-11 with the correct documentation, Manning failed to do so. *Doc. 28-1 at 4, ¶¶ 15–16*.
>
> ***
>
> Because the BOP's three-step Administrative Remedy Program was available to Manning and he failed to *fully* and *accurately* use that Program to exhaust his remedies, Manning cannot rely on Administrative Remedy Request 1008404 to establish that he exhausted any of the claims he is asserting against Morehart or Futrell.

*Doc. 38 at 9–11* (footnote omitted).

Just as Manning could not rely on Administrative Remedy Request 1008404 to establish that he exhausted any of the claims he asserted against the other medical defendants, he cannot use that Administrative Remedy Request now to establish that he exhausted any of the claims he is asserting against Dr. Stinson-Woodard.

### III.   Conclusion

Because Manning failed to exhaust his administrative remedies on the inadequate medical care claims he is asserting against Dr. Stinson-Woodard, those claims, as a matter of law, should be dismissed, without prejudice.

IT IS THEREFORE RECOMMENDED THAT:

1.  Defendant Shelia Stinson-Woodard's Motion for Summary Judgment on the issue of exhaustion (*Doc. 56*) be GRANTED.

2.  Manning's Complaint be DISMISSED, and a final Judgment be entered accordingly.[6]

3.  The Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal of this Order, previous Orders, or the accompanying Judgment would not be taken in good faith.

DATED this 12th day of January, 2023.

_____
UNITED STATES MAGISTRATE JUDGE

---

[6] All claims against Dr. Stinson-Woodard should be dismissed, without prejudice. *See Chelette v. Harris,* 229 F.3d 684, 688 (8th Cir. 2000) (remanding and instructing district court to dismiss the complaint, without prejudice, based on failure to exhaust administrative remedies); *Barbee v. Corr. Med. Servs.*, 394 F. App'x 337, 338 (8th Cir. 2010) (same). The claims against the United States of America, Jumper, and Morehart and Futrell, in their personal capacities, were previously dismissed, without prejudice. *Doc. 43*. The official-capacity claims against Morehart and Futrell were dismissed, with prejudice. *Id.* All of Manning's claims against all other Defendants were dismissed, without prejudice, for failure to state a claim upon which relief may be granted. *Doc. 13*.

7